ROBERT S. BREWER, JR.
United States Attorney
AMANDA L. GRIFFITH
Assistant U.S. Attorney
California Bar No. 243854
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8970
mandy.griffith@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HARVEY YELLIN,<br><br>Defendant. | Case No.: 15CR3181-BTM<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND SUMMPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)** |

The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney for the Southern District of California, and Amanda L. Griffith, Assistant United States Attorney, hereby files its response in opposition to Defendant's Second Supplemental Briefing in Support of Motion to Reduce Sentence ("Motion").

## Introduction

Defendant William Harvey Yellin has filed supplemental briefing asking this Court reconsider its earlier order denying Defendant's motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release, relying in part on the continuing threat posed by the COVID-19 pandemic. The United States respectfully opposes the request because Defendant has not met his burden of establishing that a sentence reduction is warranted under the statute. In addition to this response, the

United States incorporates its previous response and the arguments made during the two previous hearings.

## Factual Background

### I. BOP's Response to the COVID-19 Pandemic and Terminal Island

As has been previously briefed, the Bureau of Prisons (BOP) has taken measures to deal with the pandemic while carrying out its charge to incarcerate sentenced criminals to protect the public.  It must marshal its resources to care for inmates in the most efficient and beneficial manner possible. It must assess release plans, which are essential to ensure that a defendant has a safe place to live and access to health care in these difficult times.  And it must consider myriad other factors, including the availability of both transportation for inmates (at a time that interstate transportation services often used by released inmates are providing reduced service), and supervision of inmates once released (at a time that the Probation Office has necessarily cut back on home visits and supervision).

As of the time of the filing of this response, there are currently 32 confirmed cases of COVID-19 at Terminal Island Federal Correctional Facility among the inmate population, and nine deaths.  Notably, 659 inmates reported as COVID-recovered.

### II. Defendant's Medical Health and COVID Diagnosis

As has been previously briefed and is undisputed, Defendant suffers from a myriad of medical conditions.

On April 29, 2020, Defendant tested positive for COVID-19.  *See* Dkt. 134-2, Ex. J (sealed).  Medical personnel checked in daily with Defendant following his diagnosis where he reported no complications or symptoms resulting from his diagnosis.  *Id.*  Defendant was deemed to be COVID-recovered on DATE.  There is no evidence before this Court to indicate Defendant has suffered from any complications because of his diagnosis or subsequent recovery.

**Argument**

Defendant's second supplemental briefing posits a new theory which he believes entitles him to relief under 18 U.S.C. § 3582(c)(1)(A). Specifically, he asserts that he is at a risk to be reinfected with COVID-19, or alternatively, his previous testing was a "false positive" and apparently was improperly diagnosed. Given his underlying medical conditions, Defendant argues he has met his burden to show he has demonstrated extraordinary and compelling reasons as required by statute. In support of his claims, he includes 94 pages of exhibits pulled from various medical journals, magazines and an affidavit filed by a physician in support of a pending civil proceeding filed by an inmate in the Central District of California.

During the last hearing, the Court expressed concern about the risks facing Defendant but agreed that there was no support for his assertion that he was receiving inadequate medical care. Despite this concern, Defendant has provided no evidence in support of his motion regarding his current medical health or condition. The attached exhibits are anecdotal reports providing hypotheses about COVID-19. The titles of these articles indicate uncertainty in the medical community regarding risks of reinfection and treatment. Dkt. 139-2, pg. 34 ("What if immunity to covid-19 doesn't last?"); Dkt. 139-2, pg. 45 ("COVID-19 and Postinfection Immunity: Limited Evidence, Many Remaining Questions"). On study cited by Defendant makes it clear that studies of other types coronaviruses *may* provide useful insights about protective immunity from individuals who have contracted other coronaviruses. *See* Dkt. 139-2, pg. 12 (emphasis added). That study which involved 191 participants, determined that "in most cases, re-infection occurred, thought it presented with decreased symptoms severity and shortened duration of shedding." *Id*., pg. 13. Defendant's own exhibits appear contradictory from his assertion that he faces a higher danger from a second infection if he remains in custody.

Neither defense counsel nor the counsel for the government are medical experts. The research is scarce and no one expert can be relied upon as the information about COVID-19 and its dangers is still being discovered, investigated and researched. As the

3

Court has recognized, anecdotal evidence that does not relate to Defendant specifically is not enough.

What is undisputed is Defendant did test positive for COVID-19, and was seen daily by medical professionals to monitor his symptoms. During these daily checks, Defendant reported no symptoms or complications as a result of his diagnosis or his underlying medical conditions. His other medical conditions did not cause the parade of horribles that was originally envisioned upon learning of his positive test.

In his second supplemental briefing, Defendant asserts that he is not obtaining medical treatment; specifically that he has undiagnosed COPD that has been untreated for 28 months and has elevated hemoglobin levels that could result in an increased risk of diabetic complications. Dkt. 139-1, pg. 12-13. At the outset, the United States would note that this motion and its supplemental briefing is not the appropriate forum to raise issues related to his medical care or complaints that he is not receiving adequate medical care. Nor were these issues raised in his original petition to the warden and his motion with this Court. While this Court may consider these issues as part of Defendant's original request for compassionate release, the United States asserts that Defendant has failed to exhaust his administrative remedies by raising entirely new issues unrelated to COVID-19 and Defendant's original request.

If this Court determines that exhaustion has been satisfied, Defendant has still failed to establish that he is receiving inadequate medical care that would justify he release. As it relates to the alleged failure to diagnose Defendant with COPD based on testing conducted on March 7, 2018, his own expert notes, "there would be no urgency in making a diagnosis because treatment is not curative but rather directed at improving symptoms if needed." *See* Dkt. 134-2, Ex. K, pg. 1 (sealed). Defendant has failed to establish that he requested follow up care regarding this diagnosis and failed to receive treatment. The same holds true for his assertion about elevated hemoglobin levels. Defendant's expert, in referring to a test given to Defendant in June 2018, noted his levels were "fair" and Defendant had suffered no complications because of his diabetes. *Id.* The only evidence to contradict this finding

4

comes from a statement Defendant made to his wife based about his levels that "were recently taken" yet there is no affidavit or email that has been provided in support of this claim. In fact, the chief complaint Defendant had prior to his request for compassionate release involved an alleged failure to treat scabies. Dkt. 128-2, Ex. E, pgs. 14-20 (sealed).

There is simply no evidence to support Defendant's claims that he is at a risk of reinfection, falsely tested positive for COVID-19, or is receiving inadequate medical care for his medical conditions. Defendant fails to meet his burden of establishing extraordinary and compelling reasons to justify a reduction of his sentence.

## Conclusion

For these reasons, this Court should again deny Defendant's motion.

DATED: June 3, 2020                    Respectfully submitted,

                                       ROBERT S. BREWER, JR.
                                       United States Attorney

                                       *s/Amanda L. Griffith*
                                       Amanda L. Griffith
                                       Assistant U.S. Attorney